**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONEWEST BANK, FSB, | No. C 12-3299 MMC |
|     Plaintiff, | **ORDER REMANDING ACTION; GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS** |
| v. | |
| CARLOS VASQUEZ, | |
|     Defendant. | |
| _____ | No. C 12-4603 MMC |
| ONEWEST BANK, FSB, | |
|     Plaintiff, | |
| v. | |
| CARLOS VASQUEZ, | |
|     Defendant. | |
| _____/ | |

    Before the Court is OneWest Bank, FSB's ("OneWest") motion to remand, filed July 17, 2012 in Civil Case No. C 12-3299, by which OneWest seeks an order remanding the above-titled case to state court. Defendant Carlos Vasquez ("Vasquez"), who appears pro se, has not filed a response. Having read and considered the motion, the Court rules as follows.

//

In its complaint, OneWest alleges a single claim, specifically, a state law claim for unlawful detainer. On June 26, 2012, Vasquez filed a notice of removal, asserting therein that the complaint is removable because, he contends, the district court has diversity jurisdiction over OneWest's claim;[1] said removed action was assigned Civil Case No. 12-3299. As noted, on July 17, 2012, OneWest filed a motion to remand. Although OneWest's motion to remand remains pending, Vasquez, on August 31, 2012, filed an additional notice of removal, purporting to again remove from state court the same unlawful detainer action still pending in federal court. In said additional notice, Vasquez asserts the district court has jurisdiction over the matter because, he contends, a federal question is presented by OneWest's claim. Vasquez's additional notice of removal was assigned Civil Case No. 12-4603.[2]

As OneWest correctly observes in its motion, the instant complaint was previously removed to district court by Vasquez, and was remanded for lack of subject matter jurisdiction. Specifically, Vasquez first removed the complaint on April 11, 2012, see OneWest, FSB v. Vasquez, Civil Case No. 12-1826 MMC; on May 31, 2012, the matter was remanded to state court, when the Court adopted in full a Report and Recommendation filed May 3, 2012 by Magistrate Judge Maria Elena James. In her Report and Recommendation, Magistrate Judge James found no federal question was presented by the state law claim alleged in the complaint and, further, that diversity jurisdiction could not be established because the amount in controversy was less than the jurisdictional minimum.

Undeterred by the prior remand, Vasquez has again removed the complaint, not once but twice. In neither of those notices of removal does he allege any new circumstance has arisen since May 31, 2012, and, instead, relies on jurisdictional grounds

---

[1] Vasquez, who states he is a tenant residing at the subject premises, is not a named defendant in OneWest's complaint, but has filed an answer to the complaint.

[2] Vasquez's application to proceed in forma pauperis, filed in Civil Case No. 12-4603, is hereby GRANTED, as it appears Vasquez lacks funds to pay the filing fee.

2

expressly rejected by Magistrate Judge James and this Court.

Under such circumstances, the Court again finds Vasquez has failed to show, and cannot show, the Court has jurisdiction over OneWest's complaint.[3]

Accordingly, the complaint is hereby REMANDED to the Superior Court of California, in and for the County of Calaveras.

**IT IS SO ORDERED.**

Dated:  September 14, 2012

MAXINE M. CHESNEY
United States District Judge

---

[3] By separate order filed concurrently herewith, the Court has directed Vasquez to show cause why an order should not be entered prohibiting him from filing, without advance approval, any further notice of removal of the instant complaint.

3