IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONEWEST BANK, FSB,<br><br>    Plaintiff,<br><br>v.<br><br>CARLOS VASQUEZ,<br><br>    Defendant.<br>_____ | No. C 12-3299 MMC<br><br>**ORDER DIRECTING DEFENDANT CARLOS VASQUEZ TO SHOW CAUSE WHY COURT SHOULD NOT IMPOSE PRE-FILING ORDER** |
| ONEWEST BANK, FSB,<br><br>    Plaintiff,<br><br>v.<br><br>CARLOS VASQUEZ,<br><br>    Defendant.<br>_____/ | No. C 12-4603 MMC |

    By separate order filed concurrently herewith, the Court has remanded to state court the complaint filed by plaintiff OneWest Bank, FSB ("OneWest") against defendant Carlos Vasquez ("Vasquez"). The instant actions constitutes the second and third attempts by Vasquez to remove OneWest's complaint, on the exact same grounds as those rejected by the Court when Vasquez removed the complaint for the first time. Under such circumstances, and for the reasons set forth below, it appears appropriate that the Court

impose upon Vasquez sanctions in the form of a pre-filing order restricting his ability to further remove OneWest's complaint.

As the Ninth Circuit has recognized, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." See De Long v. Hennessey, 912 F.2d 1144, 1148 (9th Cir. 1990). To combat such abuses, district courts have "the inherent power to enter pre-filing orders against vexatious litigants." See Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007). Before imposing a pre-filing order, a district court must provide the litigant with "adequate notice and a chance to be heard," identify the "cases and motions that support the conclusion that [the litigant's] filings are so numerous or abusive that they should be enjoined," make "substantive findings as to the frivolous or harassing nature of the litigant's actions," and ensure any pre-filing order is "narrowly tailored to closely fit the specific vice encountered." See De Long, 912 F.2d at 1147-48 (internal quotation and citation omitted).

Here, OneWest's complaint alleges a single state law claim, specifically, a claim for unlawful detainer. In its complaint, filed February 3, 2012 in state court, OneWest alleges that it owns certain real property in Valley Springs, California, that in October 2011 it served on all occupants of the property a notice to vacate, and that, to date, the occupants have refused to vacate the premises.[1] OneWest seeks an order granting it possession of the property, as well as monetary relief in an amount not to exceed $10,000.

As noted, Vasquez has filed three notices of removal of OneWest's complaint: first, on April 11, 2012, next, on June 26, 2012, and then again on August 31, 2012. The three notices of removal were assigned, respectively, Civil Case No. 12-1826, Civil Case No. 12-3299, and Civil Case No. 12-4603.

In response to the first notice of removal, Magistrate Judge Maria Elena James directed Vasquez to show cause why the complaint should not be remanded for lack of

---

[1] Vasquez states he is a tenant residing at the subject premises, and has filed an answer to the complaint.

1 subject matter jurisdiction; Vasquez did not file a response.  On May 3, 2012, Magistrate
2 Judge James filed a Report and Recommendation, recommending therein that the
3 complaint be remanded because no federal question was presented and because Vasquez
4 could not establish diversity jurisdiction in light of the amount in controversy.  On May 31,
5 2012, the Court adopted in full the Report and Recommendation, and the matter was
6 remanded to state court.

7 Undeterred, Vasquez filed his second notice of removal, which, without making any
8 reference to a change of circumstance, again asserted the Court had diversity jurisdiction
9 over OneWest's complaint.  In response to the second notice of removal, OneWest filed a
10 motion to remand, requesting therein that the Court again remand the case, and Vasquez
11 again filed no opposition or other response thereto.  Rather, Vasquez filed a third notice of
12 removal, purporting to remove the same complaint still pending in district court, and
13 asserted therein that the district court had federal question jurisdiction over OneWest's
14 complaint.

15 By order filed concurrently herewith, the Court has again remanded OneWest's
16 complaint, for the reason that the sole grounds stated in the second and third notices of
17 removal had been expressly rejected by the Court when it initially remanded the complaint
18 on May 31, 2012.

19 In light of the above, the Court finds Vasquez's filing of the second notice of removal
20 and third notice of removal was, in each instance, frivolous, in bad faith, and made solely to
21 delay the state court's rendering of a decision on the merits of the unlawful detainer
22 proceeding.  As noted, the second and third notices of removal were based entirely on
23 grounds that already had been rejected by the Court, and, consequently, Vasquez lacked
24 any good faith belief that a district court was the proper forum to hear the merits of the
25 unlawful detainer proceeding.

26 The Court further finds it is highly likely that Vasquez, in the absence of the
27 imposition of sanctions as proposed herein, will file a fourth notice of removal, as part of his
28 ongoing attempt to avoid any determination of the merits of the unlawful detainer

3

1 proceeding in its proper forum.

2 Having considered the relevant case authority, and given the record described
3 above, the Court finds the imposition of sanctions are appropriate, and, specifically, that
4 Vasquez be subject to a pre-filing order that will not allow him to file, without advance
5 approval of the Duty Judge, a notice of removal of the matter initially titled <u>OneWest Bank,
6 FSB. v. Michael Cohen, et al.</u>, and referred to by Vasquez as <u>OneWest Bank, FSB v.
7 Carlos Vasquez</u>, filed in the Superior Court of California, County of Calaveras, Case No. 12
8 UD 10296.

9 Accordingly, Vasquez is hereby ORDERED TO SHOW CAUSE, in writing and no
10 later than Friday, September 28, 2012, why such pre-filing order should not be issued. As
11 of September 28, 2012, unless the parties are otherwise advised, the Court will take the
12 matter under submission.

13 **IT IS SO ORDERED.**

15 Dated: September 14, 2012

MAXINE M. CHESNEY
United States District Judge